UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| In re FAMILY DOLLAR, INC. SHAREHOLDER DERIVATIVE LITIGATION | ) ) ) ) ) ) ) ) ) | Master File No. 3:06-CV-00510(W)<br><br>STIPULATION AND AGREEMENT OF COMPROMISE, SETTLEMENT AND RELEASE |
| This Document Relates To:<br><br>ALL ACTIONS. | |

This Stipulation and Agreement of Compromise, Settlement and Release (the "Stipulation") dated as of June 22, 2007, and subject to the approval of the United States District Court for the Western District of North Carolina, Charlotte Division (the "Court"), is entered into by and among the parties to the actions captioned *In re Family Dollar, Inc. Shareholder Derivative Litigation*, Master File No. 3:06-CV-00510(W) (the "Action") and *In re Family Dollar Stores, Inc. Derivative Shareholders Litigation*, Master File No. 06-CVS-16796 (the "State Action"), pending before the Court, and the General Court of Justice, Superior Court Division, of the State of North Carolina, County of Mecklenburg (the "Superior Court"), respectively.

## STIPULATED FACTS

WHEREAS:

A.     On August 24, 2006, a shareholder derivative complaint was filed in the Superior Court, captioned *Rebecca Mitchell v. Howard Levine, et al.*, Case No. 06-CV-516796 (the "*Mitchell* litigation"), on behalf of Family Dollar Stores, Inc. ("Family Dollar" or the "Company"), against its directors and officers: Howard R. Levine, R. James Kelly, R. David Alexander, Jr., George R. Mahoney, John D. Reier, Albert S. Rorie, Philip W. Thompson, Mark R. Bernstein, James G. Martin and Sharon Allred Decker. The *Mitchell* litigation alleges, *inter alia*, that from 1995 to 2001, the Company and certain of its directors and officers engaged in improper backdating of stock options and, as a result, disseminated materially false financial statements to the stockholders of the Company.

B.     On October 2, 2006, a second derivative complaint captioned *Jeffrey Alasina v. Howard Levine, et al.*, was filed in the Superior Court complaining of the same alleged activities by the same defendants as the *Mitchell* litigation. The *Alasina* complaint included claims for breach of

fiduciary duty and unjust enrichment arising from these allegations. The *Mitchell* and *Alasina* complaints were consolidated by order of the Superior Court into the State Action.

      C.      On December 15, 2006, a derivative complaint was filed in this Court captioned *Dorothy M. Lee v. Howard R. Levine, et al.*, No. 3:06-CV-510-W. A virtually identical complaint was filed in this Court on December 20, 2006, captioned *Stanford H. Arden v. Howard R. Levine, et al.*, No. 3:06-CV-523-C. By order entered March 27, 2007, the Court consolidated the *Lee* and *Arden* cases into the Action. The Action names the following Family Dollar directors and officers as defendants: Howard R. Levine, Leon Levine, R. James Kelly, R. David Alexander, Jr., Charles Gibson, Jr., C. Martin Sowers, George R. Mahoney, Jr., Mark R. Bernstein, Sharon Allred Decker, Edward C. Dolby, Glenn A. Eisenberg, James G. Martin and Dale C. Pond (collectively, with the *Mitchell* Defendants, the "Individual Defendants").

      D.      In connection with alleged improper backdating of stock options at the Company, the Action alleges violations of §14(a) of the Securities Exchange Act of 1934, breaches of fiduciary duties and/or aiding and abetting in the breach of fiduciary duties, which are alleged to include abuse of control, gross mismanagement, constructive fraud, corporate waste, unjust enrichment and breach of fiduciary duty for insider selling and misappropriation of information by the "insider selling defendants," all of which are alleged to have occurred between 1995 and 2006.

      E.      On January 4, 2007, a consolidated derivative complaint was filed in the State Action. The consolidated derivative complaint names as defendants, Howard R. Levine, R. James Kelly, R. David Alexander, Jr., John J. Scanlon, Charles S. Gibson, Jr., C. Martin Sowers, George R. Mahoney, Jr., Gilbert A. LaFare, Samuel N. McPherson, Mark R. Bernstein, Sharon Allred Decker and James G. Martin (together with the defendants named in the *Mitchell* action, the "*Mitchell* Defendants").

F. On August 31, 2006, after receiving the *Mitchell* complaint and pursuant to resolutions adopted at a duly called meeting, the Board of Directors of the Company (the "Board"), acting in accordance with Section 141(c) of the General Corporation Law of the State of Delaware and Article III, Section 11 of the Company's Bylaws, formed the "Special Committee." Pursuant to such resolutions, the Board appointed Edward C. Dolby, Glenn A. Eisenberg and Dale C. Pond, each of whom was determined by the Board to be a disinterested and independent director, to serve on the Special Committee. The purpose of the Special Committee, as provided in such resolutions, was to conduct a full and complete investigation and review of the matters set forth in the *Mitchell* litigation and such related matters as the Special Committee deemed necessary or appropriate. To that end, the Special Committee was (i) delegated the authority to consider and determine whether or not prosecution of the claims and actions set forth in the pending litigation was in the best interests of the Company and its stockholders, and to advise what action the Company should take with respect thereto, and (ii) empowered to take any and all such other actions as it deemed necessary or appropriate to conduct its investigation.

G. Subsequent to the formation of the Special Committee, the three additional complaints discussed above were filed, which included similar claims against the Company and its officers and directors. In accordance with the Board resolutions referred to above, the Special Committee determined that it was necessary and appropriate to consider all related claims against the Company and its officers and directors and to consider its investigation as encompassing all of the pending actions.

H. On May 18, 2007, counsel for the parties to the Action and the State Action reached an agreement-in-principle (subject to the negotiation of a definitive written agreement) concerning the proposed settlement of the Action and State Action. The parties' agreement was reached after

- 3 -

repeated meetings, both telephonic and in person, between counsel for the Plaintiffs and the Special Committee and, in some instances, counsel to the Company. Counsel for the parties to the Action and State Action have concluded that the terms contained in this Stipulation are fair and adequate to both the Company and its stockholders and that it is fair and reasonable to pursue a settlement of the Action and dismissal of the State Action based upon the procedures outlined herein and the substantial benefits and protections offered herein. This conclusion by counsel for Plaintiffs was based in part on review of non-public documents relating to the claims asserted in the Action and State Action, as well as documents reviewed and created by the Special Committee during the course of its factual investigation of these claims.

I.      The Company, the Individual Defendants, the Special Committee and all plaintiffs in the Action and State Action (collectively, the "Plaintiffs") have independently considered the terms of this Stipulation and believe that settlement of the Action, subject to the terms herein (the "Settlement"), is desirable and in the best interests of the Company and its stockholders.

J.      The Company and the Individual Defendants have denied, and continue to deny, any liability or wrongdoing with respect to any and all claims alleged in the Action, the State Action or otherwise. Without conceding any infirmities in their defenses to the claims asserted in the Action or State Action, the Company and the Individual Defendants nevertheless consider the dismissal of the Action and State Action, subject to the terms and conditions herein, desirable because, among other things, the Stipulation and Settlement will eliminate the substantial burden, expense, inconvenience and distraction of litigation and will dispel any uncertainty that may exist as a result thereof.

- 4 -

**NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS**, pursuant to Federal Rule of Civil Procedure 23.1 ("Rule 23.1"), and subject to the approval of the Court.

## I.     SETTLEMENT CONSIDERATION

In consideration for the full settlement and release of all Settled Claims (as defined below), the Company and Individual Defendants shall implement the corporate governance provisions detailed in Exhibit A attached hereto.

## II.    RELEASE OF CLAIMS

1.     Upon Final Approval, all of the Settled Claims (as defined below) are completely, fully, finally and forever compromised, settled, released, discharged, extinguished and dismissed with prejudice, upon and subject to the terms and conditions set forth in this Stipulation.

2.     Upon Final Approval, each of the Released Persons shall be deemed to have and by operation of the Order and Final Judgment shall have fully, finally and forever released and relinquished and discharged the Plaintiffs and their counsel from all claims, including unknown claims, arising out of the institution, prosecution, assertion, settlement or resolution of the Action or the Settled Claims.

3.     For the purposes of this Stipulation:

(a)     "Final Approval" shall be considered to have occurred for purposes of this Stipulation after both of the following have occurred:

(i)     entry of the Order and Final Judgment approving the Settlement, attached hereto as Exhibit D, and the expiration of any applicable appeal period for the appeal of the Order and Final Judgment without an appeal having been filed or, if an appeal is taken, upon entry of an order affirming the Order and Final Judgment appealed from (or dismissing the appeal) and the expiration of any applicable period for the reconsideration, rehearing or appeal of such affirmance

- 5 -

(or dismissal) without any motion for reconsideration or rehearing or further appeal having been filed; and

        (ii)      the dismissal with prejudice of the State Action and the expiration of any applicable appeal period for the appeal of such dismissal with prejudice without an appeal having been filed or, if an appeal is taken, upon entry of an order affirming the dismissal with prejudice of the State Action (or dismissing the appeal) and the expiration of any applicable period for the reconsideration, rehearing or appeal of such affirmance (or dismissal) without any motion for reconsideration or rehearing or further appeal having been filed.

An appeal only with respect to the award of attorneys' fees and expenses shall not affect Final Approval or the finality of the Settlement.

        (b)      "Released Persons" means (i) the Company and its parent entities, predecessors, associates, general or limited partnerships, limited liability companies, affiliates, past and present subsidiaries, and each and all of their respective past, present or future officers, members, directors, stockholders, agents, representatives, employees, and also attorneys, financial or investment advisors, advisors, consultants, auditors, accountants, investment bankers, commercial bankers, trustees, engineers, agents, insurers, co-insurers and reinsurers (except to the extent claims against insurance carriers and subrogation rights are specifically reserved herein); and (ii) all persons who are or were defendants in the Action or State Action (or any action encompassed by the Action or State Action), including the Individual Defendants, and their respective heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, representatives, employees, attorneys, advisors, consultants, agents, estates, and administrators; in each instance, whether or not they were named, served with process or appeared in the Action.

- 6 -

(c) "Settled Claims" means all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been, could have been, or in the future can or might be asserted in the Action, the State Action or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state statutory or common law relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws or otherwise), by or on behalf of Plaintiffs, derivatively or in their status as stockholders of the Company, by any past or present stockholder of the Company (derivatively or in their status as stockholders of the Company), by the Company, or by their or its predecessors, successors or assigns (or any person claiming by, through, in the right of, or on behalf of them or the Company by assignment or otherwise, except to the extent claims against insurance carriers and subrogation rights are specifically reserved herein), whether legal, equitable or any other type, which have arisen, arise now or hereafter arise out of, or relate in any manner to, the allegations, facts, events, practices, conduct, transactions, matters, acts, occurrences, statements, representations, misrepresentations or omissions, or any fees, expenses or costs incurred in prosecuting, defending or settling the Action and State Action, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related, directly or indirectly, in any way to, the Action or the State Action or the subject matter of the Action or State Action, and including, without limitation, any claims in any way related to (i) the Settlement and this Stipulation, (ii) the fiduciary obligations of the Individual Defendants or any other Released Persons relating to or in connection with the allegations made in the complaints in the Action and State Action or the investigation of such allegations, (iii) any disclosures or alleged misrepresentations or omissions that

- 7 -

were made or allegedly not made by any of the Released Persons regarding the subject matter of the Action or State Action, (iv) the Stipulation or any other matters described or alleged in this Stipulation, including, without limitation, (1) all stock option grants made by the Company, (2) all stock options issued pursuant to such grants, (3) all shares issued upon the exercise of said stock options, (4) the stock option granting practices of the Company, (5) the actions of the Special Committee, and (6) any and all disclosures made in connection with any of the foregoing.

4.     The releases contemplated by this Stipulation extend to claims that any parties granting a release (the "Releasing Parties") do not know or suspect to exist at the time of the release, which if known might have affected the Releasing Parties' decision to enter into this release. The Releasing Parties will be deemed to relinquish, to the extent applicable and to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, the Releasing Parties will be deemed to relinquish, to the extent applicable, and to the fullest extent permitted by law, the provisions, rights and benefits of any law of any state or territory of the United States, federal law, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. The Releasing Parties acknowledge that the Releasing Parties may discover facts in addition to or different from those now known or believed to be true with respect to the Settled Claims, but that it is the intention of the Releasing Parties to hereby completely, fully, finally and forever compromise, settle, release, discharge and extinguish any and all Settled Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or

- 8 -

existence of additional or different facts. The parties acknowledge that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and was a key element of the Settlement. The Releasing Parties warrant that the Releasing Parties have read and understand Section 1542 of the California Civil Code and have had the opportunity to consult with and be advised by counsel regarding its meaning and effect. The Releasing Parties hereby voluntarily waive the provisions, rights and benefits of Section 1542 of the California Civil Code and the provisions, rights and benefits of any law of any state or territory of the United States, federal law, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

5.      Notwithstanding any other provision of this Stipulation or anything contained in any Exhibit hereto to the contrary, nothing in this Stipulation or in any Exhibit hereto shall be construed to (i) release, discharge, extinguish or otherwise compromise any claims or potential claims that Family Dollar or any person who is or was a defendant in the Action or the State Action may have under or relating to any policy of liability or other insurance, or (ii) release any insurer, co-insurer or reinsurer from any obligation owed to Family Dollar or any person who is or was a defendant in the Action or the State Action for indemnity or coverage under or relating to any policy of liability or other insurance.

6.      Notwithstanding any other provision of this Stipulation or anything contained in any Exhibit hereto to the contrary, nothing in this Stipulation or in any Exhibit hereto shall be construed to release, discharge, extinguish or otherwise compromise any claims or potential claims for subrogation that any insurance carrier may have as to any third party, including, but not limited to attorneys, financial or investment advisors, advisors, consultants, auditors, accountants, investment bankers, commercial bankers, trustees, engineers, agents, insurers, co-insurers and reinsurers not

- 9 -

otherwise named in the Action or State Action and not otherwise released herein, to the extent of any prior or future payments under any policy of insurance which have arisen, arise now or hereafter arise out of, or relate in any manner to, the allegations, facts, events, practices, conduct, transactions, matters, acts, occurrences, statements, representations, misrepresentations or omissions, or any fees, expenses or costs incurred in prosecuting, defending or settling the Action and State Action, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related, directly or indirectly, in any way to, the Action or the State Action or the subject matter of the Action or State Action, and including, without limitation, any claims in any way related to (i) the Settlement and this Stipulation, (ii) the fiduciary obligations of the Individual Defendants or any other Released Persons relating to or in connection with the allegations made in the complaints in the Action and State Action or the investigation of such allegations, (iii) any disclosures or alleged misrepresentations or omissions that were made or allegedly not made by any of the Released Persons regarding the subject matter of the Action or State Action, (iv) the Stipulation or any other matters described or alleged in this Stipulation, including, without limitation, (1) all stock option grants made by the Company, (2) all stock options issued pursuant to such grants, (3) all shares issued upon the exercise of said stock options, (4) the stock option granting practices of the Company, (5) the actions of the Special Committee, and (6) any and all disclosures made in connection with any of the foregoing.

III.    **SUBMISSION AND APPLICATION TO THE COURT**

1.    As soon as practicable after the execution of this Stipulation, the parties to the Action shall jointly apply to the Court for an order in the form attached hereto as Exhibit B (the "Preliminary Approval and Scheduling Order"), which shall provide:

(a)    that a settlement hearing (the "Settlement Hearing") be held to determine whether the Court should: (i) approve the Settlement pursuant to Rule 23.1 as fair, reasonable,

- 10 -

adequate and in the best interests of the Company and its stockholders; (ii) enter an Order and Final Judgment dismissing the Action with prejudice, with each party to bear its, his or her own costs, and release and enjoin prosecution of any and all Settled Claims; (iii) consider the application of Plaintiffs' counsel for an award of attorneys' fees and expenses; and (iv) hear other such matters as the Court may deem necessary and appropriate;

(b)     that a copy of the Notice of Hearing and Proposed Settlement of Derivative Action (the "Notice"), substantially in the form attached hereto as Exhibit C, shall be sent to all stockholders of record of the Company as of the date of the Preliminary Approval and Scheduling Order, and further provide that the distribution of the Notice substantially in the manner set forth in the Preliminary Approval and Scheduling Order herein constitutes the best notice practicable under the circumstances, meets the requirements of applicable law and due process, is due and sufficient notice of all matters relating to the Settlement and fully satisfies the requirements of due process and of Rule 23.1;

(c)     a Court finding that the Settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, provides substantial value to the Company and falls within the range of possible approval and, therefore, merits further consideration; and

(d)     a grant of preliminary approval of the Settlement and a preliminary finding that the Settlement is fair, reasonable, adequate and in the best interests of the Company and its stockholders.

2.     All costs incurred in identifying and notifying the Company's stockholders of the Settlement, including the printing and the copying of the Notice, as set forth in the Preliminary Approval and Scheduling Order, will be paid by the Company.  Plaintiffs shall undertake the

administrative responsibility for providing notice to the Company's stockholders and are authorized to hire Gilardi & Co. LLC for purposes of effecting such notice.

3.      As soon as practicable after the execution of this Stipulation, the parties to the State Action shall jointly (i) notify the Superior Court of this Stipulation and the Settlement, and (ii) apply to the Superior Court for a stay of all proceedings in the State Action pending Final Approval.

4.      Within five (5) days after entry by the Court of the Order and Final Judgment approving the Settlement (attached hereto as Exhibit D), the parties to the State Action shall jointly apply to the Superior Court for a dismissal with prejudice of the State Action, and shall use their reasonable best efforts to take, or cause to be taken, all actions, and to do, or cause to be done, all things, reasonably necessary, proper or advisable under applicable laws, regulations and agreements, to secure such dismissal with prejudice.

## IV.    ORDER AND FINAL JUDGMENT

1.      If the Settlement (including any modification thereto made with the consent of Plaintiffs, the Company and the Individual Defendants as provided for herein) is approved by the Court, the parties to the Action shall promptly request that the Court enter an Order and Final Judgment, substantially in the form attached hereto as Exhibit D, which among other things:

(a)      approves the Settlement, adjudges the terms thereof to be fair, reasonable, adequate and in the best interests of the Company and its stockholders, and directs consummation of the Settlement in accordance with the terms and conditions of the Stipulation;

(b)      determines that the requirements of Rule 23.1 and due process have been satisfied in connection with the Notice to the Company's stockholders;

(c)      dismisses the Action with prejudice as to Plaintiffs, the Company, the Company's stockholders and all of the Individual Defendants, extinguishing, discharging and releasing any and all Settled Claims as against the Company and the Individual Defendants, said

- 12 -

dismissal subject only to compliance by the Company and the Individual Defendants with the terms of this Stipulation and any order of the Court concerning this Stipulation, and permanently enjoining Plaintiffs, the Company's past or present stockholders, the Company and anyone claiming through or for the benefit of any of them, from asserting, commencing, prosecuting, assisting, instigating or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Settled Claims;

(d) Contains a release by the Released Persons of the Plaintiffs and their counsel from all claims, including Unknown Claims, arising out of the institution, prosecution, assertion, settlement or resolution of the Action or the Settled Claims; and

(e) Contains a statement that during the course of the Action, the Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11 and all similar applicable state laws.

## V.    RIGHT TO WITHDRAW FROM THE SETTLEMENT

1.    Plaintiffs in the Action and the State Action, the Company and each of the Individual Defendants shall have the separate option to withdraw from the Settlement in the event that (i) either the Order and Final Judgment referred to above are not entered substantially in the forms specified herein, including such modifications thereto as may be ordered by the Court with the consent of Plaintiffs in the Action, the Company and the Individual Defendants, or (ii) the Settlement does not receive Final Approval, or the Court approves the Settlement but such approval is reversed or vacated or substantially modified on appeal, reconsideration or otherwise.

2.    In the event that the Settlement proposed herein does not receive Final Approval, or the Court approves the Settlement but such approval is reversed or vacated on appeal, reconsideration or otherwise, and such order reversing or vacating the Settlement becomes final by lapse of time or otherwise, or if any of the conditions to such Settlement are not fulfilled (including

- 13 -

dismissal of the State Action with prejudice), then the Settlement proposed herein shall be of no further force or effect, and this Stipulation and all negotiations, proceedings and statements relating thereto and any amendment thereof shall be null and void and without prejudice to any party hereto, and each party shall be restored to his, her or its respective position as it existed prior to the execution of this Stipulation.

3.    In order to exercise any option a party to the Action or the State Action may have to withdraw from and terminate this Settlement, such party must provide, within five business days of the event giving rise to such option, written notice of such withdrawal and the grounds therefor to all signatories to this Stipulation.

## VI.    STIPULATION NOT AN ADMISSION

1.    The provisions contained in this Stipulation and all negotiations, statements and proceedings leading up to and in connection therewith are not, shall not be argued to be, and shall not be deemed, a presumption, concession or admission by the Individual Defendants or the Company of any fault, liability or wrongdoing as to any fact or claim alleged or asserted in the Action, the State Action or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in these or any other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce the terms or conditions of this Stipulation.

## VII.    DENIAL OF LIABILITY

1.    Each Released Person specifically disclaims any liability whatsoever relating to any of the Settled Claims; expressly denies having engaged in, or threatened to engage in, any breach of duty, violations of law or wrongful or illegal activity, or having failed to act in any matter required by law or rule, or having violated, or threatened to violate, any law or regulation or duty; expressly denies that any person or entity has suffered any harm or damages as a result of such Released

- 14 -

Person's involvement with the Settled Claims (or the events at issue therein), and such Released Person is making this Settlement (without conceding any infirmity in such Released Person's defenses against the Settled Claims) solely to avoid the uncertainty, harm, distraction, burden and expense occasioned by litigation. Each Released Person believes such Released Person acted, at all times, in the best interests of the Company and its stockholders. The Court has made no finding that any Released Person has engaged in any wrongdoing or wrongful conduct or otherwise acted improperly or in violation of any law or regulation or duty in any respect.

## VIII.  GENERAL PROVISIONS

1.      Each of the individuals executing this Stipulation on behalf of one or more of the parties hereto represents and warrants that he or she has been duly authorized and empowered to execute this Stipulation on behalf of his or her respective client or clients.

2.      The Plaintiffs and their counsel in the Action and State Action represent and warrant that none of Plaintiffs' claims or causes of action referred to in any complaint encompassed by the Action or the State Action or this Stipulation have been assigned, encumbered or in any manner transferred in whole or in part.

3.      This Stipulation may be executed in any number of actual or telecopied counterparts and by each of the different parties thereto on several counterparts, each of which when so executed and delivered shall be an original. The executed signature page(s) from each actual or telecopied counterpart may be joined together and attached to such original and shall constitute one and the same instrument.

4.      The waiver by any party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Stipulation.

- 15 -

5.     In addition to the actions specifically provided for in this Stipulation, the parties will use their reasonable best efforts from the date hereof to take, or cause to be taken, all actions, and to do, or cause to be done, all things, reasonably necessary, proper or advisable under applicable laws, regulations and agreements, to consummate and make effective this Stipulation. The parties and their attorneys agree to cooperate fully with one another in seeking the Court's approval of this Stipulation and the Settlement and to use their best efforts to effect the consummation of this Stipulation and the Settlement. Without further order of the Court, the parties may agree to reasonable extensions of time not expressly set by the Court order to carry out any of the provisions of this Stipulation.

6.     Each party represents and warrants that the party, or a responsible officer or partner or other fiduciary thereof, has read this Stipulation and understands the contents hereof, and believes it is a fair resolution of contested claims.

7.     Each party represents and warrants that the party has made such investigation of the facts pertaining to the Settlement provided for in this Stipulation, and of all of the matters pertaining thereto, as the party deems necessary and advisable.

8.     Each term of this Stipulation is contractual and not merely a recital.

9.     This Stipulation may not be amended, changed, waived, discharged or terminated (except as explicitly provided herein), in whole or in part, except by an instrument in writing signed by the party against whom or which enforcement of such amendment, change, waiver, discharge or termination is sought.

10.     This Stipulation and Settlement will be governed by, and construed in accordance with, the laws of the State of North Carolina, without regard to conflict of laws principles. Any action relating to this Stipulation or the Settlement will be filed exclusively in the Court. Each party

hereto (i) consents to personal jurisdiction in any such action (but in no other action) brought in the Court, (ii) consents to service of process by registered mail upon such party and/or such party's agent, (iii) waives any objection to venue in the Court and any claim the Court is in an inconvenient forum, and (iv) waives any right to a jury trial as to any such action.

11.     This Stipulation constitutes the entire agreement among the parties with respect to the subject matter hereof, and supersedes all prior or contemporaneous oral or written agreements, understandings or representations. All of the Exhibits hereto are incorporated herein by reference as if set forth herein verbatim, and the terms of all Exhibits are expressly made part of this Stipulation.

12.     This Stipulation is and will be binding upon, and inure to the benefit of, the parties and their respective affiliates, agents, executors, heirs, successors and permitted assigns.

13.     The terms and provisions of this Stipulation are intended solely for the benefit of the Released Persons and their respective successors and permitted assigns, and it is not the intention of the parties to confer third-party beneficiary rights or remedies upon any other person or entity, except any attorneys' fees and expenses to be paid pursuant to the terms of this Stipulation.

14.     This Stipulation will be deemed to have been mutually prepared by the parties and will not be construed against any of them by reason of authorship. Paragraph titles and headings have been inserted for convenience only and will not be used in determining the terms of this Stipulation.

15.     All agreements made and orders entered during the course of the Action and the State Action relating to the confidentiality of information shall survive this Stipulation.

16.     The parties and their counsel agree not to disparage any of the other parties or to state or imply that any of the other parties are guilty of or have engaged in wrongdoing or misconduct of any sort whatsoever in any press release or other public statement.

- 17 -

17.     If any provision of this Stipulation is held to be illegal, invalid, or unenforceable (i) such provision will be fully severable, (ii) this Stipulation will be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised a part of this Stipulation, and (iii) the remaining provisions of this Stipulation will remain in full force and effect and will not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Stipulation.

## IX.    FEES AND EXPENSES

1.     Counsel for the Plaintiffs will apply to the Court for an award of attorneys' fees and expenses (including costs and disbursements) in a total amount not to exceed $3,500,000. Defendants agree not to oppose any such fee and expense award that does not exceed that amount. The Company will pay any award of fees and expenses (including costs and disbursements), not to exceed $3,500,000. Within five (5) business days after Final Approval, the Company will make such payment jointly to Schiffrin Barroway Topaz & Kessler, LLP and Lerach Coughlin Stoia Geller Rudman & Robbins LLP, as joint receiving agents for all Plaintiffs' counsel. Nothing contained herein shall be deemed to prejudice the rights of the defendants to seek reimbursement under any insurance policy of the fees and expenses awarded by the Court.

2.     The allowance or disallowance by the Court of any award of attorneys' fees and/or expenses will be considered by the Court following approval of this Stipulation and separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any order or proceeding relating solely to the application by Plaintiffs' counsel for an award of attorneys' fees and expenses (including costs and disbursements), or any appeal from any order relating thereto or reversal or modification thereof, shall have no effect on the Settlement and shall not operate to terminate or cancel this Stipulation or to affect or delay the finality of the Order and Final Judgment approving this Stipulation.

- 18 -

IN WITNESS WHEREOF, the parties have executed this Stipulation effective as of June 22, 2007.

s/ L. Bruce McDaniel
_____
L. BRUCE McDANIEL (N.C. State Bar #5025)
WILLIAM E. ANDERSON (N.C. State Bar #098)
McDANIEL & ANDERSON, L.L.P.
Lafayette Square
4942 Windy Hill Drive
P.O. Box 58186
Raleigh, NC 27658
Telephone: 919/872-3000
919/790-9273 (fax)
mcdas@mcdas.com

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III
JEFFREY D. LIGHT
BENNY C. GOODMAN III
MARY LYNNE CALKINS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
MONIQUE C. WINKLER
AELISH M. BAIG
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

- 19 -

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
THOMAS G. WILHELM
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: 610/225-2677
610/225-2678 (fax)

Co-Lead Counsel for Plaintiffs

SCHIFFRIN BARROWAY TOPAZ &
  KESSLER, LLP
LEE D. RUDY
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

Of Counsel

                       s/ Gary W. Jackson
_____
GARY W. JACKSON (NC STATE BAR #1376)
THE JACKSON LAW GROUP, PLLC
1321 East Morehead Street
Charlotte, NC 28204
Telephone: 704/377-6680
704/377-6690 (fax)

Attorneys for Plaintiffs in the State Action

- 20 -

_____s/ T. Thomas Cottingham, III_____
T. THOMAS COTTINGHAM, III
(NC STATE BAR #23798)
VALERIE B. WRIGHT
(NC STATE BAR #32348)
HUNTON & WILLIAMS LLP
Bank of America Plaza
101 South Tryon Street, Suite 3500
Charlotte, NC 28280
Telephone: 704/378-4700
704/378-4890 (fax)

Attorneys for Nominal Defendant Family Dollar
Stores, Inc.

HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219


_____s/ Jonathan E. Buchan, Jr._____
JONATHAN E. BUCHAN, JR.
(NC STATE BAR #8205)
IRVING M. BRENNER
(NC STATE BAR #15483)
CATHERINE E. THOMPSON
(NC STATE BAR #9495)
HELMS, MULLIS & WICKER, PLLC
201 North Tryon Street
PO Box 31247 (28231)
Charlotte, NC 28202
Telephone: 704/343-2000
704/343-2300 (fax)

Attorneys for Defendants Howard Levine, R.
James Kelly, R. David Alexander, Jr., George
Mahoney, Jr., Gilbert Lafare, John Scanlon, Sam
McPherson, Charles S. Gibson, Mark Bernstein,
Sharon Allred Decker, and James Martin in the
State Action

- 21 -

_____ s/ Mark W. Merritt _____
MARK W. MERRITT
(NC STATE BAR #12198)
RUSSELL M. ROBINSON, II
(NC STATE BAR #3735)
KATHERINE G. MAYNARD
(NC STATE BAR #26837)
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone: 704/377-2536
704/378-4000 (fax)

Attorneys for Defendant Leon Levine in the
Action


_____ s/ Mark R. Kutny _____
MARK R. KUTNY
(NC STATE BAR #29306)
DAVID B. HAMILTON
(NC STATE BAR #7771)
HAMILTON, MOON, STEPHENS,
  STEELE & MARTIN PLLC
2020 Charlotte Plaza
201 S. College Street
Charlotte, NC 28244-2020
Telephone: 704/344-1117
704/344-1483 (fax)

Attorneys for Defendant C. Martin Sowers in the
Action

ROGERS & HARDIN LLP
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303

Of Counsel

- 22 -

s/ James T. Williams, Jr.

JAMES T. WILLIAMS, JR.
(NC STATE BAR #4758)
JENNIFER K. VAN ZANT
(NC STATE BAR #21280)
BROOKS, PIERCE, MCLENDON,
 HUMPHREY & LEONARD LLP
Post Office Box 26000
Greensboro, North Carolina 27420
Telephone: 336-373-8850
336-378-1001 (fax)

Attorneys for Defendants Edward C. Dolby, Glenn
A. Eisenberg and Dale C. Pond in the Action

RICHARDS, LAYTON & FINGER, P.A.
GREGORY WILLIAMS
HARRY TASHJIAN, IV
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
Telephone:  302-658-6541
302-658-6548 (fax)

Of Counsel

- 23 -

_____Jonathan E. Buchan, Jr._____

JONATHAN E. BUCHAN, JR.
(NC STATE BAR #8205)
IRVING M. BRENNER
(NC STATE BAR #15483)
CATHERINE E. THOMPSON
(NC STATE BAR #9495)
HELMS, MULLIS & WICKER, PLLC
201 North Tryon Street
PO Box 31247 (28231)
Charlotte, North Carolina 28202
Telephone: 704/343-2000
704/343-2300 (fax)

Attorneys for Defendants Howard Levine, R.
James Kelly, R. David Alexander, Jr., George
Mahoney, Jr., Charles S. Gibson, Jr., Mark
Bernstein, Sharon Allred Decker, and James
Martin in the Action

S:\Settlement\Family Dollar Deriv.set\(v1) STP00042912.doc

- 24 -

# Mailing Information for a Case 3:06-cv-00510

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Irving M. Brenner**
  irving.brenner@hmw.com,sandra.overcash@hmw.com

- **Jonathan E. Buchan , Jr**
  jon.buchan@hmw.com,melissa.dunn@hmw.com

- **T. Thomas Cottingham , III**
  tcottingham@hunton.com,shinson@hunton.com,spainter@hunton.com,kparsons@hunton.com,awl
  -hall@hunton.com

- **Craig T. Cronheim**
  ccronheim@hunton.com

- **Edward J Fuhr**
  EFuhr@Hunton.com

- **Mark Raymond Kutny**
  mkutny@lawhms.com

- **Nash E. Long , III**
  nlong@hunton.com,shinson@hunton.com,jkelley@hunton.com,kparsons@hunton.com

- **Katherine Gordon Maynard**
  kmaynard@rbh.com,jokerlund@rbh.com

- **L. Bruce McDaniel**
  mcdas@mcdas.com,kbwatt@mcdas.com

- **Mark William Merritt**
  mmerritt@rbh.com,ewende@rbh.com

- **Terence James Rasmussen**
  trasmussen@hunton.com

- **Catherine E. Thompson**
  cathy.thompson@hmw.com,sandra.overcash@hmw.com

- **Jennifer K. Van Zant**
  jvanzant@brookspierce.com,ljohnson@brookspierce.com

- **James Thomas Williams , Jr**
  jwilliams@brookspierce.com

Case 3:06-cv-00510-ERW-CH   Document 65   Filed 06/22/07   Page 26 of 29

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Mary Lynne Calkins**
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 W Broadway, Ste 1900
San Diego, CA 92101

**Travis E. Downs**                                                    , III
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 W Broadway, Ste 1900
San Diego, CA 92101

**Kimberly L. Myers**
Rogers & Hardin LLP
2700 International Tower
229 Peachtree St., NE
Atlanta, GA 30303

**Tony G. Powers**
Rogers & Hardin LLP
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303

**Darren J. Robbins**
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 W Broadway, Ste 1900
San Diego, CA 92101

**Brett D. Stecker**
The Weiser Law Firm, PC
121 N. Wayne Ave., Ste 100
Wayne, PA 19087

**Robert B. Weiser**
The Weiser Law Firm, PC
121 N. Wayne Ave., Ste 100
Wayne, PA 19087

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 22, 2007.

s/ L. Bruce McDaniel
L. BRUCE McDANIEL (N.C. State Bar #5025)

McDANIEL & ANDERSON, L.L.P.
Lafayette Square
4942 Windy Hill Drive
P.O. Box 58186
Raleigh, NC 27658
Telephone: 919/872-3000
919/790-9273 (fax)

E-mail: mcdas@mcdas.com

**Manual Notice**

\*    Lee D. Rudy
     Schiffrin & Barroway, LLP
     280 King of Prussia Road
     Radnor, PA 19087
      610/667-7706
      610/667-7056 (Fax)

\*    Gregory Williams
     Harry Tashjian, IV,
     Richards, Layton & Finger, P.A.
     One Rodney Square
     920 North King Street
     Wilmington, DE 19801
      302/658-6541
      302/658-6548 (Fax)

\*    Gary W. Jackson
     The Jackson Law Group, PLLC
     1321 East Morehead Street
     Charlotte, NC 28204
      704/377-6680
      704/377-6690 (Fax)

\*    Brett A. Rogers
     Tony G. Powers
     Jill E. Steinberg
     Rogers & Hardin LLP
     2700 International Tower, Peachtree Center
     229 Peachtree Street, N.E.
     Atlanta, GA 30303
      404/522-4700
      404/525-2224 (Fax)

\*Denotes service via overnight delivery