IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| In re FAMILY DOLLAR, INC. SHAREHOLDER DERIVATIVE LITIGATION | ) Master File No. 3:06-CV-510-W ) ) |
| This Document Relates To:<br>ALL ACTIONS. | ) ) PRELIMINARY APPROVAL AND ) SCHEDULING ORDER ) ) |

The parties to the above-captioned consolidated derivative action (the "Action") having applied pursuant to Federal Rule of Civil Procedure 23.1 for an Order to approve the proposed settlement of the Action in accordance with the Stipulation and Agreement of Compromise, Settlement and Release entered into by the parties, dated as of June 22, 2007 (the "Stipulation"), and for the dismissal of the Action with prejudice upon the terms and conditions set forth in the Stipulation (the "Settlement"), and the Court having read and considered the Stipulation and accompanying documents, and all parties having consented to the entry of this Order,

**NOW, THEREFORE**, this 25th day of June, 2007, upon application of the parties, **IT IS HEREBY ORDERED** as follows:

1. Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

2. The Settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, provides substantial value to the Company and falls within the range of possible approval and, therefore, merits further consideration.

3. The Court preliminarily finds that the Settlement is fair, reasonable, adequate and in the best interests of the Company and its stockholders.

4. The Court has scheduled a Settlement Hearing, which will be held on August 13, 2007, at 1:30 p.m., at 195 Charles R. Jonas Federal Bldg., 401 West Trade Street, Charlotte, North Carolina 28202, to:

   (a) consider the Settlement pursuant to Federal Rule of Civil Procedure 23.1 as fair, reasonable, adequate and in the best interests of the Company and its stockholders; consider an Order and Final Judgment dismissing the Action with prejudice, with each party to bear its, his or her own costs, and release and enjoin prosecution of any and all Settled Claims;

(b) consider Plaintiffs' counsel's request for an award of attorneys' fees and expenses; and

(c) hear other such matters as the Court may deem necessary and appropriate.

5. The Court reserves the right to adjourn the Settlement Hearing or modify any of the dates set forth herein without further notice to the Company's stockholders.

6. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Action and without further notice to the Company's stockholders.

7. The Court approves, as to form and content, the Notice of Hearing and Proposed Settlement of Derivative Action (the "Notice"), annexed as Exhibit C to the Stipulation, and finds that the mailing and distribution of the Notice, substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process under the United States Constitution and any other applicable laws, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of all matters relating to the Settlement.

8. All costs incurred in identifying and notifying the Company's stockholders of the Settlement, including the printing, copying and mailing of the Notice, shall be paid by the Company. Plaintiffs shall undertake the administrative responsibility for providing notice to the Company's stockholders.

9. Gilardi & Co. LLC is appointed to act as "Notice Administrator" to supervise and administer the notice procedure subject to such supervision and direction of Plaintiffs' counsel or the Court as may be necessary or the circumstances may require as more fully set forth below:

(a) Not later than June 29, 2007, the Notice Administrator shall cause a copy of the Notice, substantially in the form annexed as Exhibit C to the Stipulation, to be mailed by first class mail to all shareholders of Family Dollar as of the date the Court signs this Order ("Family Dollar stockholders" or the "Company's stockholders") who can be identified with reasonable effort; and

(b) At least seven (7) days prior to the Settlement Hearing, Plaintiffs' counsel shall file with the Court and serve on defendants' counsel proof, by affidavit or declaration, of such mailing.

10. Nominees who held the common stock of Family Dollar on behalf of any Family Dollar stockholder shall send the Notice to such beneficial owners of Family Dollar common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Notice Administrator within ten (10) days of receipt thereof, in which event the Notice Administrator shall promptly mail the Notice to such beneficial owners.

11. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation and the Settlement, are hereby stayed and suspended until further Order of this Court. Pending final determination of whether the Stipulation should be approved, Plaintiffs, the Company, Plaintiffs' counsel and all of the Company's stockholders, and any of them, are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Settled Claims (as defined in the Stipulation) against any Released Person (as defined in the Stipulation).

12. Any Family Dollar stockholder may appear and show cause, if he, she or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable

and adequate, or why a Judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to counsel for the Plaintiffs; provided, however, that no Family Dollar stockholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to counsel for the Plaintiffs unless that person files and serves his, her, or its objection in accordance with the terms and conditions in the Notice.

13. If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, a Final Order shall be entered as described in the Stipulation.

14. If the Stipulation is not approved by the Court, is terminated or shall not become effective for any reason, the Action shall proceed, completely without prejudice to any party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court, and neither the Stipulation, any provision contained in the Stipulation, any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be deemed an admission or offered or received in evidence at any proceeding in the Action or any other action or proceeding.

IT IS SO ORDERED.

Signed: June 25, 2007

_____
Frank D. Whitney
United States District Judge