UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| In re FAMILY DOLLAR, INC., SHAREHOLDER DERIVATIVE LITIGATION | Master File No. 3:06-CV-00510(W) |
| This Document Relates To:<br><br>ALL ACTIONS. | ORDER AND FINAL JUDGMENT |

A hearing having been held before this Court on August 13, 2007, pursuant to the Court's Order of June 25, 2007 (the "Scheduling Order"), upon the Stipulation and Agreement of Compromise, Settlement and Release entered into by the parties, dated as of June 22, 2007 (the "Stipulation"), providing for the settlement of the above-captioned consolidated action (the "Action"), which is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the Scheduling Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement and dismissal with prejudice of the Action upon the terms and conditions set forth in the Stipulation (the "Settlement"); the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the Company's stockholders was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this 13th day of August, 2007, that:

1. Unless otherwise defined herein, all defined terms shall have the meaning set forth in the Stipulation.

2. The Notice of Hearing and Proposed Settlement of Derivative Action (the "Notice") has been given to the Company's stockholders, pursuant to and in the manner directed by the Scheduling Order, proof of mailing of the Notice was filed with the Court, and full opportunity to be heard has been offered to all parties and persons-in-interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of

Federal Rule of Civil Procedure 23.1 and due process, and it is further determined that the Company, Plaintiffs and all of the Company's stockholders are bound by this Order and Final Judgment.

3. The Stipulation and the Settlement thereto are found to be fair, reasonable and in the best interests of the Company and its stockholders and are hereby approved pursuant to Federal Rule of Civil Procedure 23.1. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of Court is directed to enter and docket this Order and Final Judgment.

4. This Order and Final Judgment shall not constitute any evidence of or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action or State Action and shall not be deemed to create any inference that there is any liability therefor.

5. Upon Final Approval, the Action is hereby dismissed with prejudice as to the Individual Defendants and against Plaintiffs, the Company and all of the Company's stockholders on the merits and, except as explicitly provided in the Stipulation, without costs.

6. Upon Final Approval, all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been, could have been, or in the future can or might be asserted in the Action, the State Action or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state statutory or common law relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws or otherwise), by or on behalf of Plaintiffs, derivatively

or in their status as stockholders of the Company, by any past or present stockholder of the Company (derivatively or in their status as stockholders of the Company), by the Company, or by their or its predecessors, successors or assigns (or any person claiming by, through, in the right of, or on behalf of them or the Company by assignment or otherwise, except to the extent claims against insurance carriers and subrogation rights are specifically reserved herein), whether legal, equitable or any other type, which have arisen, arise now or hereafter arise out of, or relate in any manner to, the allegations, facts, events, practices, conduct, transactions, matters, acts, occurrences, statements, representations, misrepresentations or omissions, or any fees, expenses or costs incurred in prosecuting, defending or settling the Action and State Action, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related, directly or indirectly, in any way to, the Action or the State Action or the subject matter of the Action or State Action, and including, without limitation, any claims in any way related to (i) the Settlement and the Stipulation, (ii) the fiduciary obligations of the Individual Defendants or any other Released Persons relating to or in connection with the allegations made in the complaints in the Action and State Action or the investigation of such allegations, (iii) any disclosures or alleged misrepresentations or omissions that were made or allegedly not made by any of the Released Persons regarding the subject matter of the Action or State Action, (iv) the Stipulation or any other matters described or alleged in the Stipulation, including, without limitation, (1) all stock option grants made by the Company, (2) all stock options issued pursuant to such grants, (3) all shares issued upon the exercise of said stock options, (4) the stock option granting practices of the Company, (5) the actions of the Special Committee, and (6) any and all disclosures made in connection with any of the foregoing (collectively, the "Settled Claims") are hereby completely, fully, finally and

forever compromised, settled, released, discharged, extinguished and dismissed with prejudice; provided, however, that the Settled Claims shall not include the right to enforce the terms of the Stipulation.

7. Upon Final Approval, all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been, could have been, or in the future can or might be asserted by the Released Persons against the Plaintiffs in the Action or the State Action and their counsel arising out of the institution, prosecution, assertion, settlement or resolution of the Action, the State Action and the Settled Claims are hereby completely, fully, finally and forever compromised, settled, released, discharged, extinguished and dismissed with prejudice; provided, however, that the release granted in this paragraph shall not release the right to enforce the terms of the Stipulation.

8. The releases set forth herein extend to claims that the Releasing Parties do not know or suspect to exist at the time of the release, which if known, might have affected the Releasing Parties' decision to enter into the release; the Releasing Parties shall be deemed to relinquish, to the extent applicable and to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code; and the Releasing Parties shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, federal law or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542.

9. Upon Final Approval, Plaintiffs, the Company's past and present stockholders, the Company and anyone claiming through or for the benefit of any of them, are hereby permanently

enjoined from asserting, commencing, prosecuting, assisting, instigating or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Settled Claims.

10. Notwithstanding any other provision of this Order and Final Judgment to the contrary, nothing in this Order and Final Judgment shall be construed to (i) release, discharge, extinguish or otherwise compromise any claims or potential claims that Family Dollar or any person who is or was a defendant in the Action or the State Action may have under or relating to any policy of liability or other insurance, or (ii) release any insurer, co-insurer or reinsurer from any obligation owed to Family Dollar or any person who is or was a defendant in the Action or the State Action for indemnity or coverage under or relating to any policy of liability or other insurance.

11. Notwithstanding any other provision of this Order and Final Judgment to the contrary, nothing in this Order and Final Judgment shall be construed to release, discharge, extinguish or otherwise compromise any claims or potential claims for subrogation that any insurance carrier may have as to any third party, including, but not limited to attorneys, financial or investment advisors, advisors, consultants, auditors, accountants, investment bankers, commercial bankers, trustees, engineers, agents, insurers, co-insurers and reinsurers not otherwise named in the Action or State Action and not otherwise released herein, to the extent of any prior or future payments under any policy of insurance which have arisen, arise now or hereafter arise out of, or relating in any manner to, the allegations, facts, events, practices, conduct, transactions, matters, acts, occurrences, statements, representations, misrepresentations or omissions, or any fees, expenses or costs incurred in prosecuting, defending or settling the Action and State Action, or any other matter, thing or cause whatsoever, or any series thereof,

embraced, involved or set forth in, or referred to or otherwise related, directly or indirectly, in any way to, the Action or the State Action or the subject matter of the Action or State Action, and including, without limitation, any claims in any way related to (i) the Settlement and the Stipulation, (ii) the fiduciary obligations of the Individual Defendants or any other Released Persons relating to or in connection with the allegations made in the complaints in the Action and State Action or the investigation of such allegations, (iii) any disclosures or alleged misrepresentations or omissions that were made or allegedly not made by any of the Released Persons regarding the subject matter of the Action or State Action, (iv) the Stipulation or any other matters described or alleged in the Stipulation, including, without limitation, (1) all stock option grants made by the Company, (2) all stock options issued pursuant to such grants, (3) all shares issued upon the exercise of said stock options, (4) the stock option granting practices of the Company, (5) the actions of the Special Committee, and (6) any and all disclosures made in connection with any of the foregoing.

12. The Court finds that the Action was filed in good faith and that the parties and their counsel at all times complied with Federal Rule of Civil Procedure 11 and other similar state laws during the course of the Action.

13. Counsel for the Plaintiffs are awarded attorneys' fees and expenses (including costs and disbursements) in the total amount of $3,500,000.00, which sum the Court finds to be fair and reasonable, and which shall be paid by the Company jointly to Schiffrin Barroway Topaz & Kessler, LLP and Lerach Coughlin Stoia Geller Rudman & Robbins LLP, as joint receiving agents for all Plaintiffs' counsel, within five (5) business days after Final Approval.

14. If Final Approval fails to occur, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall

be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs, the Company and the Individual Defendants under the Stipulation and the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' counsel's application for an award of attorneys' fees and expenses.

16. Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

**IT IS SO ORDERED.**

Signed: August 13, 2007

Frank D. Whitney
United States District Judge